UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Candice Watts, | ) | CASE NO. 5:22 CV 1250 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker ("R&R")(Doc. 10) recommending that the decision of the Commissioner be VACATED and this matter be REMANDED to defendant for further consideration. The government has filed objections. The R&R is ACCEPTED in PART and REJECTED in PART, as set forth herein. This Court AFFIRMS the decision of the defendant.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the

1

district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**ANALYSIS**

The Magistrate Judge recited the medical facts as set forth in the Administrative Law Judge's ("ALJ") opinion. The parties do not dispute the accuracy of those facts and, as such, they will not be repeated herein. The Court notes, however, that the R&R's recitation also contains portions reflecting the opinions of the ALJ that are disputed. The Court is careful to note that it is not adopting those opinions. Rather, only the medical history is adopted herein.

Generally speaking, plaintiff suffers from a number of medical impairments, including but not limited to, issues with her back, sciatica, and bipolar disorder. In determining that plaintiff is not disabled for purposes of her Disability Insurance ("DIB") claim, the ALJ weighed opinion evidence provided by two treating sources. Those opinions are from Physician Assistant Gregory Barton and Nurse Practitioner Denise Flynn. Plaintiff made a number of arguments to the Magistrate Judge as to why the ALJ improperly assessed those opinions. The Magistrate Judge rejected all of plaintiff's arguments as they pertain to Flynn and concluded that the ALJ properly assessed that opinion. In addition, plaintiff articulated four bases as to why she believes the ALJ erred in assessing the opinion from Barton. The Magistrate Judge rejected three of the bases. Plaintiff did not file objections to these conclusions. Having reviewed the R&R for clear

error on these issues, and having found none, the Court ACCEPTS the R&R on these points.

With regard to the fourth basis, the Magistrate Judge recommends remanding this matter to defendant. The government filed an objection. Therefore, the Court will address this issue *de novo*. The Magistrate Judge recommends that the Court remand the matter because the ALJ failed to properly assess Barton's opinion that plaintiff will be absent from work "four or more times per month." The Magistrate Judge notes that the government did not expressly address this issue in its briefing. The Magistrate Judge recommends remand on the grounds that the ALJ erred by addressing absenteeism only with respect to plaintiff's mental limitations. According to the government, the ALJ acknowledged that Barton did not base his absenteeism opinion solely on plaintiff's mental limitations. The government also argues that the ALJ properly discounted the opinion as a whole and is not required to separately address each and every separate opinion. Plaintiff did not respond to the government's objections.

Upon review, the Court agrees with the government. Barton filled out a form indicating that plaintiff has "bipolar disorder, chronic low back pain and sciatica, morbid obesity, and asthma." In addition, Barton indicates that plaintiff suffers from an "other limitation" of "mental illness which creates a sense of incapacity." Barton limited plaintiff to (1) standing, walking, and sitting for less than two hours in a workday; and (2) lifting 10-20 pounds occasionally and 10 pounds frequently. Barton also indicated in his opinion that plaintiff would be absent from work four or more times per month.

The ALJ engaged in a thorough analysis regarding the limitations for "less than sedentary" work identified above, and properly analyzed Barton's opinion in this regard. The ALJ indicated with specificity why Barton's opinion is not consistent with the record as a whole,

Baron's treatment records and approach, and plaintiff's own testimony regarding those physical limitations.

The ALJ further analyzed the absenteeism opinion. In connection with absenteeism, the ALJ addressed Barton's notations regarding plaintiff's mental illness. But, contrary to plaintiff's argument to the Magistrate Judge, the ALJ did not base the analysis of Barton's absenteeism opinion *solely* on mental health considerations. Rather, the ALJ expressly noted that the opinion for monthly absences was "based *in part* on psychological issues," thus acknowledging that the absenteeism opinion was also based on non-psychological issues. After reviewing Barton's opinion as a whole, the Court cannot say that the ALJ erred in determining that the absenteeism limitation was based on both physical and psychological limitations. The ALJ addressed Barton's statements regarding plaintiff's mental illness. The ALJ opined that an absenteeism rate of four or more days per month is not supported by Barton's office notes and his own conclusions regarding plaintiff's bipolar disorder, and is inconsistent with plaintiff's treating psychiatrist. The fact that the ALJ did not specifically repeat the analysis regarding physical limitations in the absenteeism paragraph does not require remand. The Court disagrees with the Magistrate Judge that the ALJ misconstrued Barton's opinion. The ALJ acknowledged that Barton's opinion regarding absenteeism was based only in part on the mental limitations. The Court finds that the ALJ's analysis of Barton's opinion comports with the newer requirements of 20 C.F.R. § 404.1520c. The ALJ thoroughly discussed why Barton's opinion lacked persuasiveness and supportability.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED in PART and REJECTED in PART,

as set forth herein. This Court AFFIRMS the decision of the defendant.

    IT IS SO ORDERED.

Dated: 6/29/23
          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge